Any data shown here are current as of  06/10/06     . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | First Savings Bank v. Joe Thomas Turner, et al. |
| **Case Number:** | 05-01072 |

## Document Information

| | |
|---|---|
| **Description:** | Order  Granting in Part, Denying in Part [18-1] Motion To Compel Discovery in Regard to Request for Production of Documents served by Plaintiff upon the Defendants by First Savings Bank Granting in Part, Denying in Part [16-1] Motion To Compel Discovery in regard to Defendants' Response to first set |
| **Received on:** | 2006-01-23 11:59:51.000 |
| **Date Filed:** | 2006-01-23 00:00:00.000 |
| **Date Entered On Docket:** | 2006-01-23 00:00:00.000 |

## Filer Information

| | |
|---|---|
| **Submitted By:** | Ellen Snyder |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date.  To confirm that nothing has changed since then, review the docket.**

In re:  JOE TURNER and                                    No. 11-03-10672 ML
        RU THAN TURNER,

    Debtors.

**FIRST SAVINGS BANK**

    Plaintiff,

v.                                                        Adv. No. 05-1072 M

**JOE THOMAS and RU THAN TURNER,**

    Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO COMPEL**

THIS MATTER is before the Court on the Motion to Compel Discovery in Regard To Defendants' Response To First Set of Interrogatories ("Motion to Compel Answers to Interrogatories") and the Motion to Determine Sufficiency of Defendants' Answers to Request for Admissions; to Compel Answers, and for Attorneys Fees ("Motion to Compel Answers to Request for Admissions") filed on August 29, 2005 by Plaintiff, First Savings Bank.  On October 17, 2005, Defendants filed a Response to Motion to Compel Regarding Response to First Set of Interrogatories (the "Response Regarding Interrogatories") and a Response to Motion to Compel Answers to Request for Admissions ("Response Regarding Requests for Admissions").  Plaintiff followed with a Reply to the Responses (the "Reply") on October 25, 2005.  In the Motion to Compel Answers to Interrogatories, Plaintiff asks this Court to extend the discovery deadline only as it relates to Plaintiff's discovery.

1

Plaintiff also asks for an award of attorney's fees caused by the Defendants' conduct pursuant to Rule 7037(a)(4). The court held a hearing on October 27, 2005 at which time the Court vacated the discovery deadlines and took the matters under advisement.

The allegations in the Complaint include the following: 1) that Defendants failed to accurately and truthfully disclose their assets and liabilities in accordance with the Stipulation filed on March 17, 2004 (the "Stipulation") in the bankruptcy proceeding and later approved by order of this Court (No. 7-03-10672 ML, Doc. 435); 2) that Defendant Joe Thomas Turner ("Joe Turner" or "Mr. Turner") gave false testimony in Court, in depositions and in Rule 2004 examinations; 3) that while in Chapter 11, Defendants filed monthly operating reports in which they failed to disclose preferential transactions to pre-petition unsecured creditors and failed to disclose the receipt of a loan which they attempted to characterize as rental income; 4) that Defendants have not fully disclosed the number of cattle that they own or sold in an effort to conceal assets; and 5) that Defendants acted with intent to hinder delay or defraud creditors. Although the Complaint does not specifically cite provisions of the Code, the allegations and recitations in the Complaint indicate that Plaintiff seeks a denial of Defendants' discharge under 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4), (a)(5) and (a)(6).[1] With regard to the discovery motions, after considering the pleadings, the arguments of counsel and the applicable law, the Court

---

[1] Pursuant to Rule 7020, Fed. R. Bankr. P., this adversary proceeding has been joined with the adversary proceeding 05-1090 M, in which the United States Trustee requests a denial of discharge under several sections of § 727. *See* Stipulated Order Joining Adversary Proceedings, Doc. No. 8 (Adv. No. 05-1090), Doc. No. 35 (Adv. No. 05-1072). Both cases will be heard under Adv. No. 05-1072. All deadlines in both proceedings have been vacated; and a new scheduling order will be entered in both in accordance with this Order. The discovery motions now before the Court, however, involve only Plaintiff, First Savings Bank and Defendants, Joe & Ru Than Turner.

2

finds as follows:

## Interrogatories

1. Plaintiff served Interrogatories on Defendants by mail on May 31, 2005. On July 15, 2005, Defendants served their answers, which were supplemented on October 15, 2005.

2. Interrogatory No. 1 asked for the name, address and telephone number of all witnesses that Defendants intended to call or might call at trial. In their Response Regarding Interrogatories, Defendants state that they provided "a number of addresses and a few phone numbers" and that they plan to continue to supplement their answers in addition to the supplement filed on October 15, 2005 to update the information given. Defendants are ordered, within 10 days, to provide the Plaintiff the addresses and telephone numbers of all previously undisclosed witnesses, or Defendants must file an affidavit that they have made a good faith, diligent effort to find such information but have been unable to do so.

3. Interrogatory No. 13 asked Defendants to disclose each and every bank account or credit card account for which they had access from the date of their bankruptcy to the date of answering their discovery, including the name on the account, the account number, the depository or issuing institution, the purpose for which account was used and the time periods during which each account was used. The Court ruled at the hearing on this matter that the Defendants were to produce bank records, credit card records and cattle records for the period of 6 months prior to the bankruptcy filing through 6 months after this case was converted from a Chapter 11 bankruptcy proceeding to a Chapter 7 proceeding either by supplying the appropriate documents or by providing releases to allow Plaintiff to obtain these records from third parties. To the extent not previously supplied, Defendants are directed

3

to provide to Plaintiff a list of the name, account number and institution in which either Defendant is a named account holder or in which either Defendant has signatory power within 10 days of the date of this order and include a release to enable Plaintiff to acquire records regarding such accounts for the period from 6 months prior to the bankruptcy filing through 6 months after this bankruptcy case was converted to Chapter 7.

## Requests for Admissions

Plaintiff served a Request for Admissions on Defendants by mail on May 31, 2005. Plaintiff received responses to the Request for Admissions on July 8, 2005. By letter dated July 11, 2005, Plaintiff informed Defendants which answers Plaintiff considered deficient. No supplement to Defendants' responses has been submitted. Plaintiff argues that several of the Defendants' answers are either non-responsive, confusing or otherwise improper.

Rule 36, Fed. R. Civ. P., made applicable to bankruptcy proceedings by Rule 7036, Fed. R. Bankr. P., governs requests for admission and provides in relevant part,

> (a) Request for Admission. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.
>
> Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the

4

remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

The party who has requested the admission may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that the answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. . . . The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

Rule 36, Fed. R. Civ. P.

The purpose of this rule is to facilitate the proof at trial by weeding out facts and items of proof over which there is no dispute. *Booth Oil Site Admin. Group v. Safety-Kleen Corp.,* 194 F.R.D. 76, 79 (W.D.N.Y. 2000). A party responding to Requests for Admission is required to give direct and unequivocal answers. *IBP v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 318-19 (D. Kan. 1998). An answering party may not give lack of information or knowledge as a reason for refusing to admit or deny unless the party states he has made reasonable inquiry and that the information known or readily available to the party is insufficient to enable him to answer. Rule 36(a); *Jobin v. Kloepfer (In re M & L Business Machine Co., Inc.)*, 184 B.R. 366, 369 (D. Colo. 1995).

Plaintiff asserts it has received an unsatisfactory response to the following requests for admission:

Question 35 asks for an admission that the Defendants did not disclose on their bankruptcy schedules and statements all of the property that they owned or in which they claimed an interest. The

5

Defendants' objected to the question as vague. Defendants' objection is overruled. This question is straightforward and requires a "yes" or "no" response. Defendants are ordered to answer. Rule 36 specifically authorizes a request for the admission or denial of an "opinion of fact or the application of law to fact."

Question 13 asks for an admission that Joe Thomas Turner a/k/a Tom Turner has not disbursed funds from any account other than the Debtor-In-Possession account (the "DIP Account"). Defendants' answer denies that they used any funds in their business, San Man Construction, Inc. other than funds from the DIP Account. Next, the Defendants state, "Joe Thomas Turner and Ru Than Turner are signatories on Lucille Schrampfer's checking account as Ru Than Turner has the Power of Attorney on behalf of her mother." Plaintiff argues that there is no separate corporation San Man Construction, Inc., but the Defendants do business as San Man Construction. Plaintiff asserts that Defendants have avoided answering whether they use of funds from Lucille Schrampfer's account for their business.

In their Response Regarding Requests for Admission, Defendants assert that they should have admitted this without explanation. Defendants are ordered to file a supplementary answer to this request for admission within 10 days after entry of this Order.

Question 19 asks Defendant Joe Turner to admit that he transferred a 2000 Dodge pickup truck in 2004 to Bryce Barnes. Defendants' answer denies the requested admission and states that they gave the truck to Bryce Barnes. Plaintiff argues that Defendants have twisted the meaning of transferred in order to deny the admission and that a direct answer would have admitted the request. In the Response Regarding Requests for Admission, Defendants state that the pickup was given to Bryce

6

Barnes and that they will not admit that title to the truck was transferred to Bryce Barnes. Defendants argue that the truck is worth only $500.00 as opposed to the $4,000.00 to $5,000.00 claimed by Plaintiff. This response is adequate.

Question 24 asks Defendant Joe Turner to admit that he was aware that he made payments on pre-petition liabilities that he did not disclose in the corresponding monthly operating reports. Defendants objected to this question stating that Joe Turner paid some "sole source pre-petition liabilities," but he merely reviewed the monthly operating reports and did not prepare them. Defendants further state that the reports were prepared by Stone, McGee and Co. based on information from Dixine Wimberly. Defendants further object to the question because the individuals involved and the dates of payments were not provided by the Plaintiff. Defendants state in their Response that if Plaintiff's counsel would specify which pre-petition liabilities payments were made, then Defendants would be in a better position to admit or deny the question.

If no specific date is set forth in a request for admission, it can be presumed that the time period in question will be the time period asserted in the Complaint unless it is apparent from the language of a request to which specific time period or date is referred. *Diederich v. Dept. of Army,* 132 F.R.D. 614, 621 (S.D.N.Y. 1990). Alternatively, the party answering the request may qualify the answer by specifying or excluding time periods where it is appropriate. *Id.* This objection is overruled. Defendants are ordered to answer Question 24 to the best of their knowledge.

Plaintiff argues that Defendant Joe Turner is attempting to disassociate himself from the monthly operating reports, which he signed, and that he has already admitted in a Rule 2004 examination that he paid certain unsecured creditors who appeared on his Schedule F. Plaintiff argues that Defendant Joe

7

Turner should not be able to recant this testimony, and evade answering the request for admission. The testimony and the monthly operating reports speak for themselves. No further supplemental answer is required.

Plaintiff argues that in response to thirteen of the requests for admission Defendants have objected to the question, have answered that they neither admit nor deny, and/or have indicated that documents speak for themselves. Plaintiff argues that courts have held that the answer "the document speaks for itself" is an insufficient answer to a request for admission. *See e.g. Diedrich*, 132 F.R.D. at 617(stating that this answer is inappropriate when asked for admission as to the meaning of a document); and *Booth Oil Site Administrative Group v. Safety-Kleen Corp.,* 194 F.R.D. 76, 79 (W.D.N.Y. 2000)("as a statement of a document's text is a matter of fact, a request calling upon a party to admit or deny that such quoted material is the actual text of an identified document, relevant to the case, may not be ignored on the ground that the request seeks an interpretation of the text or that the document in question "'speaks for itself.'"). Plaintiff argues that the purpose of a request for admission is to determine whether the parties are in disagreement with regard to relevant factual matters and when a party responds that a document "speaks for itself," the party evades its obligation and frustrates the purpose of Rule 36, which is to simplify issues for trial. *Id.* Plaintiff argues that these requests to admit are relevant and directly relate to the allegations that Defendants should be denied a discharge under 11 U.S.C. §§ 727(a)(2), (a)(3) or (a)(4).

In some cases, "the document speaks for itself" is an appropriate response to a request for admission. *Mitchell v. Yeutter*, 1993 W.L. 139218, * 1 (D. Kan. 1993)(stating that the response "the document speaks for itself" to question regarding what a document says, is sometimes appropriate).

8

*See also, Lakehead Pipe Line Co. v. American Home Assurance Co.,* 177 F.R.D. 454, 457 (D. Minn. 1997)(finding that response to request for admission that the "document speaks for itself" is appropriate because it effectuates the purposes of Rule 36 and puts the proponent "on notice that [the] interpretation of a given document is inconsistent with the [opposing party's] construction and, if the document is critical to the case, the evidence that would be required to prove the document's meaning.").

With these standards in mind, the Court will examine each of the following requests:

Question 3 asks Defendant Joe Thomas Turner to admit that he testified under oath at his First Meeting of Creditors on March 26, 2003 that he owned approximately 700 head of cattle. Defendants answered with an objection because they do not have those statements, presumably a transcript of the meeting, readily accessible and that the testimony of Defendant Joe Thomas Turner speaks for itself. A transcript of the creditors meeting is sufficient to show the content of the testimony. No additional response is necessary.

Questions 23 asks Defendants to admit that in several monthly operating reports filed for certain months in 2003 that Joe Turner signed under penalty of perjury, Defendants answered "no" to the question regarding whether any payments had been made on pre-petition liabilities. The Defendants answered stating that the contents of the monthly operating reports speak for themselves. This too is an appropriate response. Whether Defendants answered "no" in response to a question in their monthly operating reports is evident from the reports themselves. In the Response Regarding Requests for Admissions, Defendants' counsel stated that at trial he will not oppose admission into evidence of the relevant monthly operating reports, schedules and/or statements filed in the bankruptcy. No

9

supplemental response is necessary.

Question 25 asks Defendants to admit that in October 2003, Joe Turner testified that he paid pre-petition creditors after the bankruptcy was filed contrary to his statements in the above-mentioned monthly operating reports. Defendants answered that Mr. Turner's testimony speaks for itself in the context in which it was given. This answer sufficiently puts Plaintiff on notice that Defendants dispute the contention that Joe Turner testified falsely. No supplemental response is necessary.

Question 26 asks Defendants to admit that even though Joe Turner testified in October 2003 that he had paid pre-petition unsecured creditors, after that date, in his October, November and December 2003 monthly operating reports, he stated that he had not made any payments on pre-petition liabilities. Defendants answered that Mr. Turner's testimony speaks for itself in the context in which it was given and that the monthly operating reports also speak for themselves regardless of context. No supplemental response is necessary.

Question 29 asks Defendants to admit that on their amended Schedule A filed April 12, 2004, they listed the amount of the secured claim of Bob Blair in the amount of $124,650.00. Defendants answered that the amended schedules speak for themselves. No supplemental response is necessary.

Question 30 asks Defendants to admit that at the time they filed their amended Schedule A, the debt to Bob Blair or Blair Turner carried on the San Man Construction books as of December 23, 2003 was stated as having a balance due of $49,239.44. Defendants answered by denying and stating that Joe Turner is currently unaware of the amount owed as carried on the San Man Construction books in December 2003. Further Defendants state that Plaintiff's attorney questioned Mr. Turner about a certain parcel of property amounting to approximately 83 acres, showed Mr. Turner the

10

amended Schedule A and asked for the amount of the debt. Mr. Turner responded that the amount owed was $49,000.00. The Court finds that Defendants must indicate why they were unaware of what amount was listed on the San Man Construction books when such documents should be available to Defendants. Defendants appropriately admitted that Mr. Turner testified that the amount owed was $49,000.00. With regard to the amount of this debt recorded in the San Man books, Defendants must admit or deny or state that they have insufficient information after reasonable search of the San Man records to admit or deny.

Question 31 asks Defendants to admit that they have been "trading out base course to Bob Blair/Blair Turner of over $75,000.00 without disclosing it to the Court." Defendants answered by denying and stating that Mr. Turner believes that he disclosed the trading activity to the Court; however, Mr. Turner cannot find a record of this disclosure. Defendants requested thirty additional days to find such record and supplement their answer. Defendants admitted that more than $75,000.00 in value was traded before the case was converted to a Chapter 7. Plaintiff argues that Questions 30 and 31 are necessary to show that Defendants misrepresented the amount of the this debt and concealed the trading activity which lowered the amount owed on the debt; therefore, answers are necessary to prove their case under §§ 727(a)(2), (a)(3) and (a)(4). Within 10 days of the entry of this Order, Defendants must submit a supplemental answer in which they either admit or deny that they disclosed to the Court such trading activity post-petition.

Question 33 asks Defendants to admit that Joe Turner testified under oath that he had a lease on the "Moody." Defendants objected and stated that the testimony speaks for itself in the context given because "at one time" Joe Turner had a lease on the "Moody." Within 10 days of the entry of

11

this Order, Defendants are ordered to either admit or deny or state that they have insufficient information after reasonable inquiry to admit or deny this request as to whether Joe Turner had a lease on the "Moody" at the time he testified.

Question 34 asks Defendants to admit that Joe Turner's testimony in response to the "Moody" lease was false. Defendants objected stating that the testimony speaks for itself and that Joe Turner denies giving false testimony. In view of the required supplemental response to Question 33, no supplemental response is necessary.

Question 36 asks Defendants to admit that in the monthly operating report for December 2003, Joe Turner reported lease income from Moody in the amount of $33,461.06. Defendants answered that the December monthly operating report speaks for itself. No supplemental response is necessary.

Question 37 asks Defendants to admit that their First Amended Disclosure Statement represented that they were the "lessees on the Moody with Phelps Dodge as the lessor." Defendants objected stating that the First Amended Disclosure Statement speaks for itself. No supplemental response is necessary.

Question 38 asks Defendants to admit that in the Stipulation filed with the Court on March 17, 2004, the Defendants agreed to secure an assignment from Jason Turner to Defendants of his interest in the Moody Ranch lease within 30 days of the Stipulation. Defendants answered that the Stipulation speaks for itself.

Plaintiff argues that although Mr. Turner did not initially disclose the Moody lease on his Schedules and Statements, he included it in the Plans and Disclosure Statements as an asset. He later disclosed that the lease was in his son's name for convenience, but he could have it transferred back to

12

himself.  Plaintiff maintains that if Mr. Turner failed to have this lease transferred to himself, as he represented, this fact is relevant to a denial of discharge under § 727.  Nevertheless, the request for admission does not ask Mr. Turner him to admit or deny that he carried out his promise, but whether he made the promise to have the lease transferred to himself.  That he made the promise is evident from Mr. Turner's testimony and the Stipulation without asking for an admission that he so testified and so promised in the Stipulation.  No supplemental response is necessary.

Plaintiff also requests that the Court order Defendants to pay Plaintiff's costs and fees in connection with the Motion to Compel Answers to Interrogatories and the Motion to Compel Answers to Request for Admissions.  This request is DENIED.

A new scheduling order will be entered.

*[signature]*
MARK B. McFEELEY
UNITED STATES BANKRUPTCY JUDGE

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

James A. Roggow
Attorney for Plaintiff
P.O. Drawer 1837
Las Cruces, NM 88004-1837

Jim Foy
Attorney for Defendants
P.O. Box 2615
Silver City, NM 88062

Ron Andazola

13

Asst. United States Trustee
P.O. Box 608
Albuquerque, NM 87103-0608

Philip Montoya
Chapter 7 Trustee
P.O. Box 159
Albuquerque, NM 87103-0159

_/s/ Ellen C. Snyder_
Ellen C. Snyder
Law Clerk